Requestor: Richard M. Gardella, Esq., Corporation Counsel City of Rye 1051 Boston Post Road Rye, N Y 10580-2996
Written by: James D. Cole, Assistant Attorney General In Charge of Opinions
You have asked whether the City of Rye is authorized to indemnify from liability a not-for-profit housing corporation in connection with an affordable housing project. You have explained that the Rye City Council has designated the Rye Interfaith Housing Corporation, a not-for-profit corporation, for the development of affordable housing on a two-acre parcel of land owned by Westchester County. You indicate that the City of Rye does not appoint any members of Interfaith nor is a councilperson a member of that group.
The plan is for Westchester County to transfer the land to the city. The city would then convey the land to Interfaith, which would then have responsibility for development of the project.
Interfaith, however, is concerned about potential liability exposure as a result of the project. You have indicated that the county has refused indemnification and the city now has been approached to provide indemnification under section 18 of the Public Officers Law.
Section 18 of the Public Officers Law establishes a procedure for defense and indemnification of local employees and officers by local public entities. Public Officers Law § 18(1). The local governing body may elect to confer the section's benefits upon its officers and employees and to be held liable for any costs incurred.Id., § 18(2)(a). Additionally, the benefits of section 18 may be conferred upon the employees of a public entity "where the governing body of a municipality, for whose benefit the public entity has been established", has agreed to confer the benefits of section 18 upon that entity. Id., § 18(2)(b).
Therefore, a municipality may agree to defend and indemnify officers and employees of a "public entity" formed for its benefit. The term "public entity" is defined in the statute to include municipalities, school districts, public improvement or special districts, public authorities, public benefit corporations or any other separate corporate instrumentality or unit of government. Id., § 18(1)(a). In prior opinions of this office, we have found that industrial development agencies and housing authorities are public entities. Informal Opinions Nos. 92-19, 90-41. In the case of industrial development agencies, State law designates them as public benefit corporations and specifically provides that they are established for the benefit of the local municipality. Informal Opinion No. 90-41. Similarly, housing authorities fall within the definition of public entity. Informal Opinion No. 92-19.
You have described the Rye Interfaith Housing Corporation as a private not-for-profit corporation. We have reviewed section 18(1)(a) of the Public Officers Law, which defines "public entity", and see no basis for inclusion of a private not-for-profit corporation. A review of the entities included within section 18(1)(a) reveals a list that is exclusively public in character.
This does not, however, end the inquiry. We have previously concluded that section 18 of the Public Officers Law does not preclude local governments from enacting local laws to provide for defense and indemnification on other bases. 1988 Op Atty Gen 44. Such local laws may modify, expand or contract the coverage provided by section 18. We have noted that in the absence of legal liability, a municipality may not pay a claim unless it is in fulfillment of a moral obligation. Informal Opinion No. 91-4. Also, the expenditure of local funds for defense and indemnification must be consistent with Article VIII, § 1 of the New York State Constitution, which prohibits a gift of public funds for private purposes.
Therefore, while authority exists for the enactment of a local law to provide for defense and indemnification in proper situations, it must first be determined that the expenditure of local funds for this purpose would not constitute a gift of public funds for private purposes. This determination must be made locally. We express no opinion whether such a determination can properly be made here. If it can properly be made, the local law would define the extent of defense and indemnification and the circumstances under which it would be offered. The local law can only be prospective in its application. Informal Opinion No. 91-4.
Enclosed is a copy of a prior opinion of this office in which we concluded that the development of needed low-income housing constitutes a public purpose. Informal Opinion No. 92-4.
We conclude that a municipality by local law may provide for defense and indemnification provided that the expenditure of funds fulfills a public purpose.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.